**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) Cause No.: 4:24-cv-00032-SEP |
| v. | )<br>) |
| GOLDNER CAPITAL MANAGEMENT LLC d/b/a Goldner Capital Management *et al.* | )<br>)<br>)<br>) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

COMES NOW, Plaintiff National Fire and Marine Insurance Company ("National Fire" or "Plaintiff"), by and through its undersigned counsel, and for its Motion for Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, states as follows:

1. On January 8, 2024, National Fire filed its Complaint for Declaratory Judgment ("Complaint") seeking an interpretation of a Senior Care Liability Policy, Policy Number NSC100506 (the "Policy"), issued to Defendant Goldner Capital Management LLC ("Goldner Capital") with respect to three lawsuits (the "Underlying Cases"). *See* ECF No. 1.

2. In short, National Fire asserts that National Fire has no duty to defend the Underlying Cases or to pay any "claims expense" or "loss" related to the Underlying Cases until Goldner Capital satisfies any applicable Self-Insured Retentions. Further, National Fire owes no duty to indemnify or defend with respect to the Underlying Cases because Goldner Capital has unreasonably withheld payment of claims expense for the Underlying Cases, has prejudiced National Fire's ability to investigate, defend, and manage the Underlying Cases, and has refused

to assist defense counsel or attend depositions. Lastly, National Fire has no duty to indemnify any damages over and above actual compensatory damages. *See id.* at ¶¶ 42–49.

3. Defendants Goldner Capital Management LLC, Tandc Op LLC, Samuel Goldner, Chaim Hertzel, Abbey Woods Operations LLC, AW Operation LLC, Abbey Woods Realty Holdings LLC, Abbey Woods Realty LLC, and AW Rehab Holding LLC (the "Insured Defendants") are either named as insureds under the Policy or qualify as insureds due to their status as employees and/or executives of Goldner Capital. *Id.* at ¶¶ 26–27.

4. Defendants Rochelle Jones, Donna Alvarez, and Kallisti Simons-Wylie are plaintiffs in the Underlying Cases. *Id.* at ¶¶ 4, 8–9. *See also* ECF Nos. 18, 23.

5. Despite all applicable deadlines having passed, none of the Insured Defendants has filed or had filed on its behalf any answer, responsive pleading, or entry of appearance.

6. Similarly, Defendant Rochelle Jones' responsive pleading is overdue by over four months.

7. On May 20, 2024, the Clerk of this Court entered default against the Insured Defendants and Defendant Jones pursuant to Fed. R. Civ. P. 55(a). ECF No. 34.

8. National Fire, therefore, respectfully requests that this Court enter default judgment pursuant to Fed. R. Civ. P. 55(b)(2) finding and declaring:

    a. That National Fire has no duty to indemnify with respect to the Underlying Cases until the applicable SIR(s) are exhausted.

    b. That National Fire has no duty to defend the Underlying Cases until the applicable SIR(s) are exhausted.

    c. That Goldner Capital and the Insured Defendants violated and failed to comply with the Policy's terms and conditions, thereby voiding coverage

2

    for the Underlying Cases under the Policy and relieving National Fire from any duty to defend or indemnify.

  d. That National Fire shall be reimbursed by Goldner Capital for the defense costs and other "claims expense" paid by National Fire with respect to the Underlying Cases.

  e. That National Fire has no duty to indemnify any damages over and above actual compensatory damages (coverage for which is also barred, as discussed above), including punitive, exemplary, and multiple damages.

  f. That National Fire is entitled to its costs, including attorneys' fees; and

  g. That National Fire is entitled to any such further relief this Court deems just and proper under the circumstances.

9. National Fire's contemporaneously filed Memorandum of Law in support of this Motion is hereby incorporated by reference as if fully stated herein.

WHEREFORE Plaintiff National Fire and Marine Insurance Company requests that this Court grant its Motion for Default Judgment, enter default judgment pursuant to Fed. R. Civ. P. 55(b)(2), and for any such further relief this Court deems just and proper.

HEPLERBROOM LLC

By: */s/ Patrick A. Bousquet*
 Patrick A. Bousquet #57729MO
  email:  pb2@heplerbroom.com
 Matthew T. Suddarth #74857MO
  email:  ms5@heplerbroom.com
 701 Market Street, Suite 1400
 St. Louis, Missouri 63101
 314-241-6160 phone
 314-241-6116 fax
ATTORNEYS FOR **PLAINTIFF**

## **PROOF OF SERVICE**

I hereby certify that on July 2, 2024 this document was electronically filed with the Clerk of the Court using the CM/ECF system.

<em>/s/ Patrick A. Bousquet</em>