UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:24-cv-00032-SEP ) |
| GOLDNER CAPITAL MANAGEMENT LLC, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

A federal court "has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (citing *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010)). "This obligation includes the concomitant responsibility to consider *sua sponte* the court's subject matter jurisdiction where the court believes that jurisdiction may be lacking." *Id*. (quoting *Clark*, 593 F.3d at 714) (quotation marks omitted) (cleaned up). Plaintiff National Fire & Marine Insurance Company alleges that this Court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Doc. [1]. For diversity jurisdiction to exist there must be "complete diversity, so that no defendant is a citizen of the same state as any plaintiff." *Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir. 1997).

The Complaint does not contain an adequate statement of citizenship with respect to the following limited liability companies: Goldner Capital Management LLC; TANDC OP LLC; Abbey Woods Operations LLC; AW Operation LLC; Abbey Woods Realty Holdings LLC; Abbey Woods Realty LLC; and AW Rehab Holding LLC. For purposes of diversity jurisdiction, a limited liability company's citizenship is the citizenship of all its members. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *see Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 635 (8th Cir. 2022) ("The State of an LLC's organization does not determine its citizenship; only the citizenship of the LLC's members is determinative."). Plaintiff has neither identified the members of the LLCs nor alleged their citizenship.

1

The Complaint also fails to properly allege the citizenship of Rochelle Jones, Donna Alvarez, and Kallisti Simons-Wylie. Plaintiff alleges the defendants' state of *residence*, but for diversity jurisdiction, "the words 'resident' and 'citizen' are not interchangeable." *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). Diversity jurisdiction may not be "based solely on an allegation a party is (or was) a 'resident' of a particular state." *Id*. at 778.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall, within fourteen (14) days of the date of this Order, file an amended complaint properly alleging diversity jurisdiction. Failure to comply with this Order may result in dismissal without prejudice.

Dated this 21st day of November, 2024.

                                            SARAH E. PITLYK
                                            UNITED STATES DISTRICT JUDGE