**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   No. 4:24-cv-00032-SEP |
| | ) |
| GOLDNER CAPITAL MANAGEMENT LLC., et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is National Fire & Marine Insurance Company's Motion for Default Judgment against Goldner Capital Management LLC, Samuel Goldner, Chaim Hertzel and Rochelle Jones.  Doc. [48].  For the reasons set forth below, the motion is denied without prejudice to refiling.

## I.     Factual and Procedural Background

The following facts are alleged in the Amended Complaint.[1]  Plaintiff brings the instant action for declaratory relief under 28 U.S.C. §§ 2201 and 2202, asking the Court to determine the parties' rights and obligations under insurance policy No. NSC100506, which was issued by National Fire to Goldner Capital Management.  Doc. [43] ¶¶ 16, 20.  The Policy provided coverage during the Policy Period of July 8, 2021, to October 8, 2021.  *Id.* ¶ 20.  The coverage included Professional Liability coverage that is subject to a per event limit of $1,000,000 and and aggregate limit of $3,000,000, which are in turn subject to a $500,000 Self-Insured Retention for "loss" and "claims expense."  *Id.* ¶ 22.  The policy was administered through a third-party administrator, The Medical Protective Company (TMPC).  *Id.* ¶ 24.

This case arises out of three underlying cases asserting claims of professional liability against persons covered by the Policy.  *Id.* ¶¶ 1, 28.  Upon receipt of the underlying cases, TMPC engaged counsel to defend the insured persons.  *Id.* ¶ 29.  Despite repeated attempts to secure compliance, Goldner refused to pay TMPC for the costs incurred in defending these cases.  *Id* at ¶¶ 30-32.  Due to Goldner not paying expenses it was responsible for, defense

---

[1] On a motion for default judgment, the Court must accept as true the facts alleged in the Complaint.  *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (defendant has no standing to contest the factual allegations in a complaint once the clerk has entered default).

counsel in the underlying cases delayed performance of work and sought to withdraw. *Id.* ¶ 33. In response, TMPC on behalf of National Fire, chose to pay the "claims expenses" but asserted that it retained the right to be reimbursed for the payments. *Id.* ¶ 34. In this action, National Fire asks the court to declare that the contract contains provisions conditioning any duty to defend or indemnify on the exhaustion of applicable Self-Insured Retention limits, that damages are limited actual compensatory damages, they do not owe any duty to defend or indemnify with respect to the underlying cases because Defendant's noncompliance with the terms of the conditions of the Policy voided coverage. *Id.* ¶ 43. They also seek reimbursement for both costs already paid with respect to the underlying cases, and for costs and attorneys' fees in this action. *Id*.

Defendants Samuel Goldner, Goldner Capital Management, Chaim Hertzel, and Rochelle Jones have failed to file answers or other responsive pleadings to the Amended Complaint. Clerk's Entry of Default was entered against each of them on May 20, 2024. Doc. [34]. Additionally, defaulted Defendants have not responded to the clerk's entry of default or to the motion for default judgment.

## II.    Legal Standard

The entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012). Under Federal Rule of Civil Procedure 55(a), a court may enter default judgment for failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a). "In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint." *Rankin v. National Credit Works II, LLC*, 2011 WL 5222601, at *1 (E.D. Mo. Nov. 2, 2011) (citing *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir.1988)). The Court therefore accepts Plaintiff's allegations as true, except for those relating to the amount of damages. *See Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (quotation omitted) (After default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true."). For purposes of determining the amount of damages, the Federal Rules provide:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).

## III.    Discussion

Insurance companies may seek declaratory judgment relief under 28 U.S.C. § 2201 for judicial declarations that insurance policies do not afford coverage for underlying lawsuits against insureds.  *Cent. Bank v. St. Paul Fire & Marine Ins*., 929 F.2d 431, 433 (8th Cir. 1991).

National Fire & Marine Insurance Company alleges that it has no duty to defend the underlying cases until the applicable Self-Insured Retention limits are exhausted, and that it has no duty to indemnify any damages aside from compensatory.  Doc. [48] at 3.  It further alleges that it does not owe a duty to defend or indemnify with respect to the underlying cases because Defendant's noncompliance with the terms of the conditions of the Policy voided coverage.  *Id*. Finally, they allege they are entitled to reimbursement for costs already paid with respect to the underlying cases, costs in this action, and attorneys' fees in this action.  *Id*.

The Court requires additional briefing to determine if Plaintiff is entitled to reimbursement for "its defense costs that it paid to the Insured Defendants but did not owe to them."  Doc. [49] at 7.  Plaintiff does not cite a Policy provision expressly entitling them to reimbursement, but rather argues that they are entitled to reimbursement because they issued a reservation of rights regarding the right to reimbursement.  *Id.* ("On ***, [sic] Plaintiff issued the Insured Defendants a Reservation of Rights in which Plaintiff notified Defendants that Plaintiff was reserving its right to reimbursement of any claims expenses and the reasons therefore.").

This is a complex issue and there is a split of authority between states.  *See* 102 *American Law Report,* Art. 2 § 2 (7th ed. 2025) (describing this area of law as "unsettled" and noting that while allowing reimbursement based on letters of reservation of rights was once "described as the 'majority' view, the more recent cases have trended toward disallowing an insurer to recover reimbursement of defense costs, in the absence of policy language to that effect.").  There is even divergence of opinion within the American Law Institute.  *Id.* ("There is also a divergence of opinion within the American Law Institute, with the Restatement of

Restitution and Unjust Enrichment taking the position that an insurer should be entitled to restitution for defense costs that were incurred without an obligation to provide a defense, while the authors of the Restatement of the Law of Liability Insurance endorsed the more recent trend of requiring that a reimbursement right be included in the policy . . .").

Plaintiff's briefing on the legal question of whether such reimbursement is proper in these circumstances is limited to citing *Cincinnati Ins. Co. v. Grand Pointe, LLC*, for the proposition that "[t]he majority position permits an insurer to seek reimbursement for defense costs when it is determined the insurer has no duty to defend or indemnify, the policy does not contain an express provision regarding reimbursement, and the insurer timely reserves its right to reimbursement in a specific and adequate notice." Doc. [49] at 7 (*quoting Cincinnati Ins. Co. v. Grand Pointe,* LLC, 501 F. Supp. 2d 1145, 1161 (E.D. Tenn. 2007). As noted above, the "description of a 'majority rule' may have been correct in the past, but it is not an accurate depiction of the current case law, which appears to be more-or-less in equipoise with the recent trend favoring the 'no recoupment' rule." *Cont'l Cas. Co. v. Winder Lab'ys*, LLC, 73 F.4th 934, 948-949 (11th Cir. 2023). Before analyzing the merits of this legal assertion, the Court requires additional briefing from Plaintiff explaining why Missouri courts would adopt its desired position.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [48], is **DENIED without prejudice to refiling**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit additional briefing on the issue discussed herein by **May 1, 2026**.

Dated this 31st day of March, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4